## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | |
|---|---|
| CHRISTOPHER J. WOOLFOLK,<br>959 Taylorsview Drive<br>Vandalia, Ohio 45377,<br><br>and<br><br>CHRISTOPHER J. WOOLFOLK, ON BEHALF<br>OF OTHER SIMILARLY SITUATED PEOPLE,<br>959 Taylorsview Drive<br>Vandalia, Ohio 45377,<br><br>      Plaintiff,<br><br>v.<br><br>GEICO<br>5260 Western Avenue<br>Chevy Chase, Maryland 20815,<br><br>      Defendant. | Case No.<br><br>(Removed from the Court of Common Pleas,<br>Montgomery County, Ohio Civil Division,<br>Case No. 2022 CV 02571) |

## NOTICE OF REMOVAL

Defendant GEICO[1] hereby removes the above-captioned action from the Court of Common

Pleas of Montgomery County, Ohio Civil Division, to the United States District Court for the

Southern District of Ohio, Western Division, pursuant to Class Action Fairness Act of 2005

("CAFA"), 28 U.S.C. § 1332(d), and 28 U.S.C. §§ 1441, 1446, and 1453.  Removal is proper on

the following grounds:

---

[1] It is unclear from Plaintiff's Complaint against which GEICO entity Plaintiff intends to bring suit, or if Plaintiff intended to name all GEICO entities.  Plaintiff was insured under a policy with GEICO Choice Insurance Company, but appears to have named Government Employees Insurance Company (GEICO) as defendant in this litigation.  Regardless of which GEICO entity Plaintiff intended to name, the Court has jurisdiction over this suit for the foregoing reasons.

1.      On or about June 8, 2022, Plaintiff Christopher Woolfolk commenced a putative class action against GEICO in the Court of Common Pleas of Montgomery County, Ohio Civil Division, styled *Christopher J. Woolfolk v. GEICO*, Case No. 2022 CV 02571 (the "State Court Action").

2.      In accordance with 28 U.S.C. § 1446(a), copies of all process, pleadings, motions, and orders served on GEICO in the State Court Action are contained in Exhibit A, including a true and correct copy of the Class Action Complaint ("Complaint"), and all other documents filed in the State Court Action are contained in Exhibit B.

3.      The State Court Action asserts claims for declaratory judgment, bad faith and unjust enrichment.  The asserted claims arise out of GEICO's purported practice of charging its customers for Underinsured Motorist ("UIM") coverage that is allegedly illusory.  Compl. ¶¶ 1, 18–22.

4.      Plaintiff seeks certification of declaratory and restitution classes of:  "All persons throughout Ohio who, from December 22, 2013 through the present, purchased or renewed an automobile insurance policy with GEICO containing underinsured motorists bodily injury coverage with a coverage limit of $25,000 per person and $50,000 per occurrence."  Compl. ¶ 24(a).

5.      Plaintiff seeks recovery on behalf of themselves and the respective classes for compensatory damages, punitive damages, attorneys' fees, and costs.  In addition, Plaintiff seeks an order prohibiting Defendant from continuing to sell and/or collect premiums for UIM coverage with limits of $25,000 per person, and $50,000 per occurrence.  Compl. ¶ 37.

## **GROUNDS FOR REMOVAL**

6.      This case is removable pursuant to the Class Action Fairness Act of 2005 ("CAFA").  *See* 28 U.S.C. §§ 1332(d), 1453.  CAFA extends federal jurisdiction over class actions

where: (1) any member of the proposed class is a citizen of a state different from any defendant (*i.e.,* minimal diversity exists); (2) the proposed class consists of more than 100 members; and (3) the amount in controversy is $5,000,000 or more, aggregating all claims and exclusive of interest and costs. *See* 28 U.S.C. §§ 1332(d)(2), 1332(d)(5)(B). As described below, each of these requirements is met here.

### A. Minimal Diversity Exists

7. In accordance with 28 U.S.C. § 1332(d)(2)(A), there is minimal diversity in this action.

8. The State Court Action alleges that Plaintiff Woolfolk is a citizen and resident of the state of Ohio. *See* Compl. ¶ 1.

9. Pursuant to 28 U.S.C. §§ 1332(c), a corporation shall be deemed to be a citizen of the state where it has its principal place of business and the state under whose laws it is incorporated.

10. GEICO is incorporated under the laws of Nebraska and has its principal place of business in Maryland. GEICO is therefore a citizen of Nebraska and Maryland for diversity purposes.

11. Accordingly, there is diversity of citizenship under CAFA.

### B. Proposed Class Consists of More than 100 Members

12. While the Complaint does not set forth a specific number of class members, it states that "Class Members number at least in the many thousands and possibly millions and are sufficiently numerous." Compl. ¶ 27.

13. It is therefore facially apparent from the allegations in the Complaint that CAFA's requirement that the proposed class consist of more than 100 members is satisfied.

C. **Amount in Controversy Exceeds $5,000,000**

14. In the removal context, the assessment of whether the amount-in-controversy requirement is satisfied does not center on what damages the plaintiff will ultimately recover, if any, but on what amount is in controversy between the parties. *See* 28 U.S.C. § 1332(d)(2); *Kovacs v. Chesley*, 406 F.3d 393, 397 (6th Cir. 2005) ("Absolute certainly is not required. It is sufficient if there is a probability that the value of the matter in controversy exceeds the jurisdictional amount.") (quoting *Worthams v. Atlanta Life Ins. Co*., 533 F.2d 994, 997 (6th Cir. 1976).

15. Although the Complaint does not specify the exact dollar amount of the damages sought by Plaintiff and the putative classes, based on the substance and scope of the claims that are asserted and the remedies requested, the amount in controversy exceeds $5,000,000, exclusive of interest and costs.

16. Plaintiff brings this action on behalf of putative classes of "All persons throughout Ohio who, from December 22, 2013 through the present, purchased or renewed an automobile insurance policy with GEICO containing underinsured motorists bodily injury coverage with a coverage limit of $25,000 per person and $50,000 per occurrence." Compl. ¶ 24(a).

17. GEICO and its affiliates issued over 1,500,000 policies in the state of Ohio that had UIM coverage with limits of $25,000 per person/$50,000 per occurrence or lower from December 2013 through June 2022.

18. The total amount of earned premium for UIM coverage of $25,000 per person/$50,000 per occurrence or lower on these policies was approximately $12,655,615.

19. Plaintiff's insurer, GEICO Choice Insurance Company, issued approximately 416,286 policies in the state of Ohio that had UIM coverage with limits of $25,000 per person/$50,000 per occurrence or lower from December 2013 through June 2022.

20.     The total amount of earned premium for UIM coverage of $25,000 per person/$50,000 per occurrence limits or lower on these policies was $3,462,184.

21.     Compensatory damages alone therefore range from $3,462,184 to as much as $12,655,615 during the alleged class period.

22.     Further, Plaintiff seeks an award of punitive damages under his bad faith claim, which must be taken into consideration in determining the amount of in controversy. *Sutter v. Am. Family Ins. Co.*, No. 1:20-cv-974, 2021 U.S. Dist. LEXIS 30032, at *9 (S.D. Ohio Feb. 18, 2021) (including punitive damages in the amount in controversy because "'Ohio law permits an award of compensatory and punitive damages against insurers who act in bad faith.'") (quoting *Pollock v. State Farm Mut. Auto. Ins. Co.*, No. 2:11-cv-0581, 2011 U.S. Dist. LEXIS 124312, at *6 (S.D. Ohio Oct. 26, 2011)).

23.     Ohio law permits an award of punitive damages up to two times the amount of compensatory damages awarded. *Id.* at *10 (Ohio law "permits a court to award punitive damages up to 'two times the amount of the compensatory damages awarded to the plaintiff from that defendant'") (quoting Ohio Rev. Code § 2315.21(D)(2)(a)).

24.     Punitive damages of two times the potential compensatory damages at issue could therefore range from approximately $6.9 million – $25 million, well exceeding the $5,000,000 amount in controversy threshold.

25.     As Plaintiff has asserted a claim for bad faith and seeks punitive damages in this action, it is proper for the Court to also consider Plaintiff's claim of attorneys' fees as part of the amount in controversy. *See Harrell v. Allstate Ins. Co.*, No. 1:11 CV 209, 2011 U.S. Dist. LEXIS 32600, at *8-9 (N.D. Ohio Mar. 28, 2011); *Millhon v. Unum Life Ins. Co. of Am.*, No. 2:08-cv-652, 2009 U.S. Dist. LEXIS 68299, at *8 (S.D. Ohio Aug. 5, 2009) (citing *Furr v. State Farm Mut.*

*Auto. Ins. Co.*, 128 Ohio App. 3d 607, 627, 716 N.E.2d 250, 265 (6th Dist. 1998)); *Williamson v.*

*Aetna Life Ins. Co.*, 481 F.3d 369, 377 (6th Cir. 2007) ("[W]e have affirmed the general principle

of considering statutorily authorized attorneys' fees for purposes of establishing jurisdiction").

26.     Attorneys' fees in class actions like the present case can be 20% to 50% of the

damages awarded. *In re Sulzer Hip Prosthesis & Knee Prosthesis Liab. Litig.*, 268 F. Supp. 2d

907, 937 (N.D. Ohio 2003) ("Throughout the Sixth Circuit, attorneys' fees in class actions have

ranged from 20%-50%.") (quoting *Manners v. Am. Gen. Life Ins. Co.*, No. 3-98-0266, 1999 U.S.

Dist. LEXIS 22880, at *88 (M.D. Tenn. Aug. 11, 1999)).  Attorneys' fees in this action could

therefore be over $1,000,000.

27.     Finally, Plaintiff seeks declaratory relief prohibiting GEICO from selling and/or

collecting premiums for UIM coverage with limits of $25,000 per person/$50,000 per occurrence,

which must also be included in determining the amount in controversy.

28.     While Defendant does not concede that Plaintiff or members of the proposed class

are entitled to the damages Plaintiff seeks, the matter in controversy exceeds $5,000,000.

## COMPLIANCE WITH REMOVAL STATUTE

29.     This Notice of Removal is timely under 28 U.S.C. § 1446(b).  The Complaint was

served on GEICO on June 10, 2022, and the notice of removal is therefore filed within thirty (30)

days of service.

30.     The Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil

Procedure.  28 U.S.C. § 1446(a).

31.     The Notice of Removal was properly filed in the United States District Court for

the Southern District of Ohio because the Court of Common Pleas of Montgomery County is

located within the Southern District of Ohio.  Venue for removal is therefore proper because this

is the "district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).

32.      Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal, together with a copy of the Notice of Removal, will be filed with the Clerk  of the Court of Common Pleas of Montgomery County. All parties will receive a copy of the notice filed that court.  A copy of the Notice of Filing Notice of Removal is attached hereto as Exhibit C.

WHEREFORE, Defendant hereby gives notice that, for the reasons stated above, this case, pending in the Court of Common Pleas of Montgomery County, Ohio, is removed to this Court.

Dated: July 8, 2022

By:     */s/ Christopher C. Wager*
Christopher C. Wager
Mac Murray & Shuster LLP
6525 West Campus Oval, Suite 210
New Albany, Ohio 43054
614.289.5697 (Phone)
614.939.9954 (Fax)
cwager@mslawgroup.com

***Attorneys for Defendant***

7

8

## CERTIFICATE OF SERVICE

This is to certify that on July 8, 2022, a copy of the foregoing document was filed electronically with the Clerk of Court using the CM/ECF system, and copies were served on the following attorneys by email:

Jack J. Lah, Esq.
The Attkisson Law Firm LLC
3033 Kettering Blvd., Suite 213
Dayton, Ohio 45439
Telephone:  (937) 276-9700
jack@attkissonlawfirm.com

/s/ Christopher C. Wager
Christopher C. Wager